UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNICARE LIFE & HEALTH INSURANCE COMPANY<br>            Plaintiff-Stakeholder,<br>v.<br><br>CHANTAL PHANOR, RUTH PAMPHILE, BEVERLY PAMPHILE, SONIA PAMPHILE, WIDLENE CESAR, JUDY PAMPHILE, JEFFREY PAMPHILE, BRUNEL PAMPHILE and CARTWRIGHT FUNERAL HOME<br>            Defendants. | 05-11355 JLT<br>Civil Action No. |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

### INTRODUCTION

1. Plaintiff-Stakeholder, UniCare Life & Health Insurance Company ("UniCare"), brings this Interpleader action against Ruth Pamphile, Chantal Phanor, Beverly Pamphile, Sonia Pamphile, Widlene Cesar, Judy Pamphile, Jeffrey Pamphile, Brunel Pamphile and Cartwright Funeral Home (collectively referred to as "Defendants") pursuant to Rule 22 of the Federal Rules of Civil Procedure.

2. Defendants have conflicting claims to a death benefit provided for under a life insurance policy governed by the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq., and UniCare seeks to avoid the vexation of defending multiple claims to the limited death benefit by filing this Complaint for Interpleader.

### PARTIES

3. The Plaintiff-Stakeholder, UniCare, is incorporated in Delaware with its principal place of business at 233 S. Wacker Drive, Chicago, Illinois.

4. The Defendant, Chantal Phanor, was Decedent's friend and is an individual residing at 1751 Washington Street #6, Braintree, Massachusetts.

5. The Defendant, Ruth Pamphile, was Decedent's wife and is an individual residing in Massachusetts.

6. The Defendant, Beverly Pamphile, was Decedent's daughter and is an individual residing in Roslindale, Massachusetts.

7. The Defendant, Sonia Pamphile, was Decedent's sister and is an individual residing in Miami, Florida.

8. The Defendant, Widlene Cesar, was Decedent's sister and is an individual residing at 1960 N.E. 16th Avenue, Apt. 101, Miami, Florida.

9. The Defendant, Judy Pamphile, was Decedent's daughter and is an individual residing in Roslindale, Massachusetts.

10. The Defendant, Jeffrey Pamphile, was Decedent's son and is an individual residing in Roslindale, Massachusetts.

11. The Defendant, Brunel Pamphile, was Decedent's son and is an individual residing in Roslindale, Massachusetts.

12. The Defendant, Cartwright Funeral Home, is a business with its principle place of business at 419 North Main Street, Randolph, Massachusetts.

## JURISDICTION

13. The amount in controversy in this action is $228,000.00, exclusive of interest and costs.

14. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00 and there is complete diversity between the Plaintiff-Stakeholder and the Defendants.

15. Jurisdiction is also proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) and (f), without regard to jurisdictional amount or diversity of citizenship, because at least one Defendant resides in this district.

## FACTS

16. Effective January 1, 2001, UniCare issued Group Life Insurance Policy No. GI 28518 to Partners Healthcare System, Inc. (the "Policy").

17. The Policy insures a group life insurance benefit provided by Partners Healthcare System, Inc. ("Partners") to its employees.

18. Joseph Pamphile ("Decedent") is a former employee of Partners who received the group life insurance benefit under the Policy.

19. Decedent died on March 23, 2005 of lymphoma. See Death Certificate attached hereto at Exhibit A.[1]

20. At the time of his death, Decedent had a total death benefit of $228,000.00 under the Policy (the "Death Benefit"), of which $38,000.00 was a Basic Benefit and $190,000.00 was a Supplemental Voluntary Benefit.

21. As of July 1, 1996, the 100% beneficiary of Decedent's employer-sponsored life insurance coverage was his wife, Ruth Pamphile.

22. Subsequently, Decedent and Ruth Pamphile separated and in 2001 Decedent filed for divorce.

23. Upon information and belief, Decedent's divorce from Ruth Pamphile was never finalized, but they remained separated until Decedent's death.

---

[1] All Exhibits attached hereto have been redacted to eliminate all personal identifiers in accordance with Local Rule 5.3 of this Court.

24. On or about November 12, 2004, Decedent changed his beneficiary designation to the following: 15% to Beverly Pamphile, 25% to Judy Pamphile, 45% to Jeffrey Pamphile, and 15% to Brunel Pamphile.

25. On March 10, 2005, Decedent requested a change in his beneficiary designation to the following: 25% each to Beverly Pamphile, Sonia Pamphile, Widlene Cesar, and Chantal Phanor.

26. On March 20, 2005, three days before his death, Decedent submitted a beneficiary change form altering his beneficiary designation to 100% to Chantal Phanor. See Beneficiary Change form attached hereto at Exhibit B.

27. On March 28, 2005, Chantal Phanor submitted a claim for benefits under the Policy. See Exhibit C, attached hereto.

28. On March 30, 2005, Chantal Phanor assigned $9,507.70 of the benefits under the Policy to Cartwright Funeral Home. See Exhibit D, attached hereto.

29. By letter dated April 8, 2005, Ruth Pamphile, through counsel, claimed that the an Automatic Restraining Order went into effect at the time Decedent filed for divorce in 2001 and restricted Decedent's ability to change his beneficiary designations on his insurance policies. See letter dated April 8, 2005 from Ruth Pamphile's counsel, attached hereto at Exhibit E; see also, a copy of the Restraining Order at Exhibit F. Ruth Pamphile, through her attorney, further asserted that she, as the named beneficiary at the time the Restraining Order went into effect, is entitled to the entire $228,000.00 Death Benefit. Id.

30. Ruth Pamphile, through her attorney, also represented to UniCare that Decedent lacked capacity at the time he executed the March 20, 2005 change of beneficiary form.

31. By reason of the conflicts arising from multiple inconsistent claims, UniCare is in great doubt as to the appropriate division of the Death Benefit.

WHEREFORE, UniCare demands that the Court adjudge:

1. That the Defendants be required to interplead and settle between themselves their rights to the Death Benefit, and that Plaintiff-Stakeholder be discharged from all liability except with respect to the distribution of the Death Benefit in accordance with this Court's determinations.

2. That the Plaintiff-Stakeholder is entitled to its costs, including attorneys' fees, incurred in connection with this matter.

3. That the Plaintiff-Stakeholder be allowed to deposit the $228,000.00 death benefit with the Court.

4. That the Defendants be restrained from bringing any action against UniCare while this action is pending.

PLAINTIFF-STAKEHOLDER
UNICARE LIFE & HEALTH
INSURANCE COMPANY

By its Attorneys,

*/s/ Katherine R. Parsons*

David B. Crevier, BBO# 557242
Katherine R. Parsons, BBO# 657280
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400 (tel.)
(413) 781-8235 (fax)

# The Commonwealth of Massachusetts
## CERTIFICATE OF DEATH
### REGISTRY OF VITAL RECORDS AND STATISTICS

(INSTRUCTIONS ON REVERSE SIDE) FOR USE BY PHYSICIANS AND MEDICAL EXAMINERS

| Field | Value |
|---|---|
| 1. Decedent Name | Joseph Pamphile |
| 2. Sex | M |
| 3. Date of Death | March 23, 2005 |
| 4a. Place of Death (City/Town) | Weymouth |
| 4b. County of Death | Norfolk |
| 4c. Hospital or Other Institution | Colonial Nursing & Rehab. Center |
| 5. Place of Death (Check only one) | Nursing Home |
| 6. Social Security Number | [redacted] |
| 7. If US War Veteran, Specify War | — |
| 8a. Was Decedent of Hispanic Origin? | No |
| 8b. Race | Black |
| 9. Decedent's Education | Elementary/Sec: 12, College: +4 |
| 10a. Age (Last Birthday, Yrs.) | [redacted] |
| 10d. Date of Birth | [redacted] |
| 11. Birthplace | Port Au Prince, Haiti |
| 12. Married, Never Married, Widowed or Divorced | Married |
| 13. Last Spouse (maiden name) | Ruth Temosthenes |
| 14a. Usual Occupation | Accountant |
| 14b. Kind of Business or Industry | Health Care |
| 15a. Residence | 1751 Washington Street, No. 6, Braintree, Norfolk, MA |
| 15b. Zip Code | 02184 |
| 16. Father - Full Name | Brunet Pamphile |
| 17. State of Birth | Haiti |
| 18. Mother - Name (Given) (Maiden) | Eliamene Sainilus |
| 19. State of Birth | Haiti |
| 20. Informant's Name | Widlene Cesar |
| 21. Mailing Address | 11960 N.E. 16th Avenue, Miami, FL 33161 |
| 22. Relationship | Sister |
| 23. Method of Immediate Disposition | Removal from State |
| 24. Funeral Service Licensee | James A. Whalen Jr. |
| 25. License # | 43114 |
| 26a. Place of Disposition | Duplante Cemetery |
| 26b. Location (City/Town, State) | Fermathe, Haiti |
| 27. Date of Disposition | March 31, 2005 |
| 28a/b. Name and Address of Facility | Cartwright Funeral Home, 419 No. Main Street, Randolph, MA 02368 |

29. PART I — Immediate Cause (Final disease or condition resulting in death):
a. Lymphoma — Approximate Interval Between Onset and Death: Years

31. Was Autopsy Performed? No

34. Manner of Death: Natural
33. Med. Exam. Notified? No

36b. Date Signed: March 24, 2005
36c. Hour of Death: 2:10 P.M.

38. Name and Address of Certifying Physician: Arthur Bregoli, Jr MD, 400 Washington St, Braintree MA 02184
39. License No. of Certifier: 77050

40a. Was There a Pronouncement Form? Yes
40b. If Yes, Date Pronounced: March 23, 2005
40c. If Yes, Time Pronounced: 2:10 P.M.
40d. Name of Pronouncer: Kathryn Brown — R.N.

Date Burial Permit Issued: March 25, 2005
Signature, Bd. of Health Agent: Richard T. Morris
Clerk's Signature: [signature]
Date of Record: MAR 25 2005

---

I, FRANKLIN FRYER, THE UNDERSIGNED, HEREBY CERTIFY, THAT I HOLD THE OFFICE OF TOWN CLERK OF THE TOWN OF WEYMOUTH IN THE COUNTY OF NORFOLK, AND COMMONWEALTH OF MASSACHUSETTS; THAT THE RECORDS OF BIRTHS, MARRIAGES, AND DEATHS ARE IN MY CUSTODY AND THAT THE ABOVE IS A TRUE COPY FROM THE RECORDS, AS CERTIFIED BY ME.

WITNESS MY HAND AND THE SEAL OF THE TOWN OF WEYMOUTH         MAR 25 2005
                                                              DATE

                                                              Franklin Fryer
                                                              FRANKLIN FRYER, TOWN CLERK



**Beneficiary Change Form**

### SECTION I - EMPLOYEE INFORMATION

Employee Name  Joseph PH PAMPHILAI

Please *PRINT* legibly                Today's Date  3-30-05

Unit/Emp.ID Number: 3473890

Marital Status:
Single ☐ Married ☐ Divorced ☐
Widowed ☐ Separated ☑

Signature

**Please check all programs that you wish this beneficiary designation to cover:**
Contact your TSA vendor for a form to designate beneficiaries for your voluntary contributions or for Partners matching account.

|  | Core | Optional |
|---|---|---|
| Group Term Life Insurance | ✓ | ✓ |
| AD&D Insurance | ✓ | |
| Cash Balance Retirement Plan | ✓ | |

You *must* complete Section III on back of this form if you are married and have designated a beneficiary other than your spouse for the retirement plan. Your spouse must consent to this designation.

### SECTION II - DESIGNATION OF BENEFICIARY

Beneficiary Code 2
(See below)

**Primary Beneficiary**

| Name | Address | Soc. Sec. # |
|---|---|---|
| Chantal Pyceur | 1757 Washington S, Braintree, MA 02184 | ███ |

**Contingent Beneficiary(ies)**

| Name | Address | Soc. Sec. # |
|---|---|---|
| Widlene Cesar | 1960 NE 16th Ave. Apt 101, Miami, FL 33161 | ███ |

Beneficiary Codes: 1 = one beneficiary; 2 = primary if living, otherwise contingent; 3 = equally to survivors; 4 = primary with children as contingent; 5 = other

In the event of your death, payment will be based on the most current designation on file with Human Resources. This designation will remain in effect until changed by you in writing or as required by the provisions of the plan. Please keep a copy of this form for your records.

**If the back of this form is not completed, we will be unable to honor a designation other than your spouse for your cash balance retirement plan.**

**FOR GROUP POLICYHOLDER USE ONLY**

Group Number  28518    Employer  Partners Healthcare

# Beneficiary Claim Form

**PLEASE RETURN THIS BENEFICIARY CLAIM FORM TOGETHER WITH AN OFFICIAL CERTIFIED COPY OF THE DEATH CERTIFICATE TO THE INSURED'S GROUP EMPLOYER.**

### Section 1. Claimant/Beneficiary Information

Please type or print legibly. Name and address as stated will appear on checks.

Name  Chantal  L  Phanor
      First   Middle Initial   Last

Sex: ◯ Male  ● Female

Address  1751 Washington St  #6
         Street              Apartment No.

Home Phone  (781) 848-6012

City: Braintree   State: Mass   Zip: 02184

Daytime Phone  (617) 861-7682

Beneficiary's Social Security Number or Taxpayer Identification  [redacted]

Date of Birth  [redacted]
               Month  Day  Year

I have not been notified by the Internal Revenue Service that I am subject to backup withholding as a result of failure to report all interest or dividends, or I am exempt. **Cross out this statement if you have been so notified.**

In what capacity are you making this claim?  ● Beneficiary  ◯ Executor  ◯ Trustee  ● Other: Friend

Claimant's Relationship to the Insured:  ◯ Spouse  ◯ Child  ◯ Parent  ● Other: _____

### Section 2. Information about the Insured (the Deceased)

Name  Joseph  _____  Pamphile
      First   Middle Initial   Last

### Section 3. Signature and Certification

I certify, under penalty of perjury, that the Social Security Number or other Taxpayer Identification Number and Claimants Backup Withholding status information in Section 1 is correct. I understand that my signature may be used for signature verification for my Control Plus Account and other purposes.

Signature  *Chantal L Phanor*    Date  3-28-05
(Sign as you would a check. Signature may be used for check verification.)

It is a crime to knowingly, with intent to defraud, file a statement of claim containing any materially false or misleading information, or to conceal any material fact. Untrue or misleading statements may subject persons to criminal prosecution and civil penalties.

| For Use By UniCare Only | | | | |
|---|---|---|---|---|
| Examiner | Claim # | Date Approved/ Denied | Branch | Total-Benefit and Interest |
|  |  |  |  |  |

Return to:

UNICARE Life & Health Insurance Co. 11S-2
1350 Main Street
Springfield, MA 01103-1630
1-800-552-2137

IRREVOCABLE

# Insurance Proceeds Assignment

For value received and for the Funeral Services and Burial or other disposition of the body of ____Joseph Pamphile____ (the insured), I hereby assign and transfer to Cartwright Funeral Home, 419 No. Main St, Randolph, MA 02368, the sum of $9,507.70 or so much thereof as is available from the proceeds of Policy Number ____28518____ of the ____UNICARE____ Insurance Co., which may be or is due me as beneficiary, or by reason of some other qualification.

I hereby instruct and authorize the ____UNICARE____ Insurance Co. to pay over to the above mentioned Cartwright Funeral Home, the sum of $9,507.70 which payment shall constitute a release and certificate by me for such assigned and paid proceeds.

Beneficiary ____Chantal L. Phanor____

Soc. Sec. No. ▓▓▓▓   D.O.B ▓▓▓▓

State of Massachusetts, Norfolk County, ss:
Personally appeared before me, a Notary Republic in and for said Norfolk County, Massachusetts the above mentioned ____Joseph Pamphile____ who, first being duly sworn, says that the above facts are true to the best of his/her knowledge and belief, and says that the execution of the above assignment is his/her voluntary act and deed, being under no restraint whatever.

Dated _March 30, 2005_

My Commission Expires _May 10, 2007_   Notary Public

Subscribed to and sworn before me this _30_ day of _March_, 2005

Marymargaret Burke, Notary Public
My commission expires May 10, 2007

# Cartwright Funeral Homes

419 North Main Street
Randolph, MA 02368
(781) 963-4199

Widlene Cesar
11960 N.E. 16th Avenue
Miami, FL 33161

Re: Services for Joseph Pamphile            Account No. C1-20050375
Date of Death: March 23, 2005               Funeral Date: March 23, 2005

**Services**
    Additional Staff ................................................................ 125.00
    Combined Visitation and Funeral Service ............................ 4,335.00
        Total Services                                                                    4,460.00
**Merchandise**
    Heritage ........................................................................ 5,100.00
        Total Merchandise                                                                 5,100.00
**Cash Advances**
    Air Tray ........................................................................ 150.00
    Air Fare Transportation (Haiti) ......................................... 883.40
    Consulate Fee ................................................................ 260.00
    Clergy Honorarium Funeral Service .................................. 150.00
    Certified Copies (10) ....................................................... 50.00
    Florist ........................................................................... 150.00
    Boston Globe ................................................................. 239.45
    Boston Herald ................................................................ 84.85
    Burial Permit ................................................................. 10.00
        Total of Cash Advances                                                            1,977.70
                        Total of All Selections                                            11,537.70
                        Payments Received to Date                                          2,030.00
                        Total Amount Due                                                   9,507.70

*Please deliver to* Cynthia Parolta
Unican

*Alanna G. Cline*

300 Market Street
Brighton, Massachusetts 02135
Telephone 617 783 5997

## Facsimile Transmittal

Date  4-11-05          Time  11:15

Telecopier#

978-247-6529

Number of Pages Including Cover Sheet  2

Comments:  Please note - e-mailed twice 4/8/05 unsuccessfully!
to Joseph Pemphile

*******************CONFIDENTIALITY NOTICE*******************
The documents accompanying the Fax transmission contains information from the law firm of Alanna G. Cline which is confidential and privileged. The information is intended to be for the use of the individual or entity named on this transmission and no other person. I you are not the intended recipient you may not review or re-transmit the contents.
IF YOU HAVE RECEIVED THIS FAX IN ERROR. PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE ORIGINAL DOCUMENTS.

*Please deliver to* Cynthia Parotta
Exicon

Donna Horder

Alanna G. Cline

300 Market Street
Brighton, Massachusetts 02135
Telephone 617 783 5997

## Facsimile Transmittal

Date 4-11-05    Time 11:15

Telecopier#

978-247-6529

Number of Pages Including Cover Sheet 2

Comments: Please note — e-mailed twice 4/8/05 unsuccessfully!
Fr. Joseph Pemphile

Ala

***************CONFIDENTIALITY NOTICE*********************

The documents accompanying the Fax transmission contains information from the law firm of Alanna G. Cline which is confidential and privileged. The information is intended to be for the use of the individual or entity named on this transmission and no other person. I you are not the intended recipient you may not review or re-transmit the contents.
IF YOU HAVE RECEIVED THIS FAX IN ERROR. PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE ORIGINAL DOCUMENTS.

Commonwealth of Massachusetts
The Trial Court
Probate and Family Court Department

**Supplemental Probate Court Rule 411. Automatic Restraining Order**

**Notice to Plaintiff**

(a) The following automatic restraining order shall apply to both parties to a complaint for divorce or separate support. This automatic restraining order shall be effective with regard to the plaintiff upon the filing of the complaint by the plaintiff or the plaintiff's counsel and with regard to the defendant upon service of the summons and complaint or any other acceptance of service by the defendant.

After service of the complaint for divorce or separate support, on two (2) days' notice to the other party or on such shorter notice as the court may prescribe, a party may appear without thereby submitting his person to the jurisdiction of the court, and move to modify or dissolve the automatic restraining order and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

This order is in effect until the earliest of the following: (1) the order is modified or dissolved by the court; (2) the order is modified by a written agreement of the parties with court approval; (3) the entry of a judgment of divorce or separate support; (4) the action is dismissed; or (5) by further order of the court. **FAILURE TO COMPLY WITH THIS ORDER MAY BE DEEMED A CONTEMPT OF COURT.**

The following order PROHIBITS either party to a complaint for divorce or separate support from:

(1) Selling, transferring, encumbering, concealing, assigning, removing or in any way disposing of any property, real or personal, belonging to or acquired by, either party, except: (a) as required for reasonable expenses of living; (b) in the ordinary and usual course of business; (c) in the ordinary and usual course of investing; (d) for payment of reasonable attorney's fees and costs in connection with the action; (e) by written agreement of both parties; or (f) by Order of the Court.

(2) Incurring any further debts that would burden the credit of the other party, including but not limited to further borrowing against any credit line secured by the marital residence or unreasonably using credit cards or cash advances against credit or bank cards;

(3) Directly or indirectly changing the beneficiary of any life insurance policy, pension or retirement plan, or pension or retirement investment account, except with the written consent of the other party or by Order of the Court.

(4) Directly or indirectly causing the other party or the minor child(ren) to be removed from coverage under an existing insurance policy or permitting such coverage to lapse, including medical, dental, life, automobile, and disability insurance. The parties shall maintain all insurance coverage in full force and effect.

(b) The provisions contained in the new summons for divorce or separate support must be served on the defendant, except if personal service is not made as provided in Rule 4 and service is made by publication, said notice shall include a statement that an automatic restraining order has been issued pursuant to this rule. The provisions of this automatic restraining order need not be reprinted in said public notice.

Date Rule Effective: January 1, 2000

Chief Justice

CJ-D 1106 (01/00)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __UniCare Life & Health Insurance Company v. Chantal Phanor, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
    - [✓] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
    - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V. 150, 152, 153.

    05-11355 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [✓]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [ ]   NO [✓]

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __David B. Crevier and Katherine R. Parsons__
ADDRESS __Crevier & Ryan, LLP. 1500 Main Street, Suite 2020, Springfield, MA 01115__
TELEPHONE NO. __(413) 787-2400__

(CategoryForm.wpd - 5/2/05)

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
UniCare Life & Health Insurance Company

### DEFENDANTS
Chantal Phanor, Ruth Pamphile, Beverly Pamphile, Sonia Pamphile, Widlene Cesar, Judy Pamphile, Jeffrey Pamphile, Brunel Pamphile & Cartwright Funeral Home

(b) County of Residence of First Listed Plaintiff    Cook County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Norforlk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David B. Crevier, Katherine R. Parsons, Crevier & Ryan, LLP., 1500 Main Street, St. 2020 Springfield, MA 01115 (413) 787-2400

Attorneys (If Known)

### II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

(stamped: 05-11355 JLT)

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. §1001 et seq.; Rule Interpleader

Brief description of cause:
Defendants have conflicting claims to a death benefit provided for under a life insurance policy

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  06/27/05            SIGNATURE OF ATTORNEY OF RECORD   Katherine R. [signature]

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____