UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action 05-11355 JLT

UNICARE LIFE & HEALTH INSURANCE CO.
    Plaintiff-Stakeholder

v.

CHANTAL PHANOR, RUTH PAMPHILE,
BEVERLY PAMPHILE, SONIA PAMPHILE,
WIDLENE CESAR, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHILE
AND CARTWRIGHT FUNERAL HOME
    Defendants

ANSWER OF DEFENDANTS RUTH PAMPHILE, BEVERLY PAMPHILE,
JUDY PAMPHILE, JEFFREY PAMPHILE, AND BRUNEL PAMPHILE

*Answer to Introduction:*

1.     This requires no answer.

2.     Admitted in part and denied in part. Defendants Ruth Pamphile, and Beverly Pamphile, Judy Pamphile, and as well, Defendants Jeffrey Pamphile and Brunel Pamphile by their mother and next friend, Ruth Pamphile, say that there is a conflict of claims particularly between them as the surviving widow and children of the Defendant, Joseph Pamphile, and the remaining defendants; but that as a matter of state law, their respective claims are controlled and determined by order

of the Suffolk County Probate and Family Court, and that therefore, there can be no conflict of interests between Defendant Ruth Pamphile and the children of Ruth Pamphile and decedent, Joseph Pamphile.

*Parties:*

3. Admitted.

4. Admitted as to Defendant Chantal Phanor's name and address based on information and belief, but otherwise denied as to whether she was a friend of the decedent, particularly at the end of his life, and calls upon her, and other parties interested in so proving, to make their proofs.

5. Admitted, and further, that Defendant Ruth Pamphile and the decadent were married at the time of his death.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted, and further, he is a minor.

11. Admitted, and further, he is a young minor.

12. Admitted.

*Jurisdiction:*

13. Admitted, based on information and belief.

14. Admitted.

15. Admitted.

*Facts:*

16. Admitted

17. Admitted.

18. Admitted.

19. Admitted as to the fact of death and as to the date of death, and that Decedent did suffer from Adult T-cell Leukemia-Lymphoma; but denied in part as to the cause of death at the time of death, based variously upon information and belief.

20. Admitted.

21. Admitted.

22. Admitted in part and denied in part, as follows: Joseph Pamphile left the home he shared with his wife and children (there being no separation recognized as a legal status in Massachusetts, absent judicial determination of Separate Support; and the departure being against the wishes of Ruth Pamphile). He filed for divorce in Suffolk County Probate and Family Court in 2001.

23. Defendant Ruth Pamphile and Decedent Joseph Pamphile remained married at the time of his death, and further, at the time of his death and before, Defendant Ruth Pamphile patiently waited and hoped for her husband to return home, and further, extended both her caring prayers for remission and recovery, and extended her wish to care for him during illness; but he did not return.

24. These defendants admit that Plaintiff-Stakeholder holds and possesses some document which purports to be signed by Joseph Pamphile, and which purports to change the beneficiary designation as described, but otherwise denied based upon

belief, and the remaining parties are called upon to make their proofs.

25. These defendants admit that Plaintiff-Stakeholder holds and possesses some document which, again, purports to be signed by Joseph Pamphile and which, again, purports to change the beneficiary designation as described, but otherwise denied based upon belief, and the remaining parties are called upon to make their proofs.

26. These defendants admit that Plaintiff-Stakeholder holds and possesses some document which again, purports to be signed by Joseph Pamphile, and which, again, purports to change the beneficiary designation as described, but otherwise denied based upon belief, and the remaining parties are called upon to make their proofs.

27. These defendants admit that Plaintiff-Stakeholder holds and possesses some documents which again, purports to be signed by Joseph Pamphile, and which, again, purports to change the beneficiary designation as described, but otherwise denied based upon belief, and the remaining parties are called upon to make their proofs.

28. These defendants lack sufficient knowledge, information, or belief upon which to formulate an answer, and admit same only based upon *Ex. D* attached to the Complaint.

29. Admitted.

30. Admitted to the extent that Ruth Pamphile, through her attorney, represented her belief that Decedent lacked capacity at the time he is purported to have executed

the March 20, 2005 change of beneficiary form and/or other change of beneficiary forms, and she says further that she has reason to doubt his capacity at other material times.

31. Admitted.

*Wherefore,* these defendants agree to the relief sought in Prayers 1, and 2; they agree to the principle being placed in an escrowed fund and under control of the court, but request that in the interests of all parties, same be invested in a high-interest investment in a fashion which is insured by the *FDIC;* and they agree that the defendants should be restrained from bringing any action against Unicare while this action is pending, without leave of court, but propose that the Plaintiff-Stakeholder cooperates with discovery.

*Further answering,* these Defendants say as follows:

*Further Facts*

32. Decedent, Joseph Pamphile, suffered from Adult T cell leukemia-lymphoma. As a result, he underwent extended hospitalizations and treatment.

33. Based on information and belief, at one or more relevant and material times, Decedent suffered from medical, emotional, and/or psychiatric conditions which so afflicted him that he lacked legal capacity.

34. From and after Decedent filed a Complaint for Divorce in the Suffolk County Probate and Family Court of Massachusetts, that court entered a restraining order under *Supplemental Probate Court Rule 411* ("Automatic Restraining Order") which expressly prohibited both husband and wife from "Directly or indirectly changing the beneficiary of any life insurance policy, pension, or retirement plan,

or pension or retirement investment account, except with the written consent of the other party of by Order of the Court." *See Ex. F to* Complaint.

35. At no time did Defendant Ruth Pamphile consent to any change of the beneficiary of any life insurance policy, pension, or retirement plan, or any pension or retirement investment account.

36. At no time did Decedent request or receive any written order of the Suffolk County Probate and Family Court allowing the change of beneficiary on any life insurance policy, pension, or retirement plan, or pension or retirement investment account.

37. At one or more material times, based on information and/or belief, Defendant Chantal Phanor and/or others took advantage of Decedent by making statement(s) to him to the effect that if he changed beneficiaries from his wife and children to one and/or more of the other defendants, he would be cared for by one or more of his new beneficiaries, and/or further, that his life would be extended, and further, that he should discharge himself from hospital care for such purposes, against his medical interests and against his survival interests; all of which had no basis in fact, was untrue, and which those defendants knew or should have known was untrue.

38. Based on information and belief, on reliance of those statements referred to in Par. 37, Decedent discharged himself from the hospital against medical advice, returned to a private apartment where he expected to be cared for, and shortly was taken to a nursing home facility where he died without benefit of medical care, to

the exclusion of proper and appropriate medical care, and to the exclusion of the care, comfort, and love of his wife and children.

39. Based on information and belief, Defendant Cartwright Funeral Homes provided funeral and related services associated with the death of Joseph Pamphile. Therefore, without prejudice to their interests and claims, and purely as a voluntary matter in respect of the memory of the Decedent, these Defendants herewith volunteer their agreement and stipulation to the immediate payment of $9,507.70 to Defendant Cartwright Funeral Homes, in full and complete satisfaction of any bill rendered on account of services associated with the death of the Decedent, and any other related claims by Defendant Cartwright Funeral Homes.

Wherefore, these Defendants say that Defendant Ruth Pamphile is entitled to declaratory judgment in her favor, awarding her the total life insurance benefits available under the subject life insurance; and/or that these Defendants are entitled to declaratory judgment in their favor (to determine the division of same between themselves, without need of any court intervention).

        Defendants Ruth Pamphile, Beverly
        Pamphile, Judy Pamphile, Jeffrey Pamphile,
        and Brunel Pamphile by Counsel:

        Alanna G. Cline
        300 Market St.
        Brighton, MA 02135
        617 783 5997
        BBO 086860

August 2, 2005

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action 05-11355 JLT

UNICARE LIFE & HEALTH INSURANCE CO.
    Plaintiff-Stakeholder

v.

CHANTAL PHANOR, RUTH PAMPHILE,
BEVERLY PAMPHILE, SONIA PAMPHILE,
WIDLENE CESAR, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHLE
AND CARTWRIHT FUNERAL HOME
    Defendants

CERTIFICATE OF SERVICE AS TO ANSWER OF DEFENDANTS RUTH PAMPHILE,
BEVERLY PAMPHILE, JUDY PAMPHILE,
JEFFREY PAMPHILE, AND BRUNEL PAMPHILE

    I, Alanna G. Cline, do certify that I have served copies of the foregoing Answer of the identified defendants by mailing copies of same first class mail postage prepaid directed as follows this August 2, 2005:

1. Unicare Life & Health Insurance Company directed to Attys. David B. Crevier and Ikatherine R. Parsons, Crevier & Ryan, LLP, 1500 Main St., Suite 2020, Springfield, MA 01115 (with courtesy copy send by fax to 413 781 8235).

2. Cartwright Funeral Homes, 419 North Main Street, Randolph, MA 02368.

3. Chantal Phanor, 1751 Washington St., Braintree, MA 02184

4. Widlene Cesar, 1860 NE 16th Ave. Apt. 101, Miami, FLA 33161

5. Sonia Pamphile c/o Widlene Cesar, 1860 NE 16th Ave. Apt. 101, Miami, FLA 33161 (that being the only address provided on the pleadings served which might reach Sonia Pamphile in Miami, Florida).

*[signature]*