UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNICARE LIFE & HEALTH INSURANCE
COMPANY

V.

CHANTAL PHANOR, RUTH PAMPHILE,   Civil Action No: 05-11355JLT
BEVERLY PAMPHILE, SONIA PAMPHILE,
WILDENE CESAR, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHILE,
AND CARTWRIGHT FUNERAL HOME,

## DEFENDANT, CHANTAL PHANOR'S ANSWER AND REQUEST FOR JURY DEMAND

### INTRODUCTION

1. Plaintiff does not read this paragraph as requiring a formal response.

2. Plaintiff does not read this paragraph as requiring a formal response.

3. Plaintiff can neither affirm nor deny this paragraph.

4. Affirmed.

5. Plaintiff can neither affirm nor deny this paragraph.

6. Plaintiff can neither affirm nor deny this paragraph.

7. Plaintiff can neither affirm nor deny this paragraph.

8. Plaintiff can neither affirm nor deny this paragraph.

9. Plaintiff can neither affirm nor deny this paragraph.

10. Plaintiff can neither affirm nor deny this paragraph.

11. Plaintiff can neither affirm nor deny this paragraph.

12. Plaintiff can neither affirm nor deny this paragraph.

## JURISDICTION

13. Affirmed.

14. Affirmed.

15. Affirmed.

## FACTS

16. Affirmed.

17. Affirmed.

18. Affirmed.

19. Affirmed.

20. Plaintiff can neither affirm nor deny this paragraph.

21. Plaintiff can neither affirm nor deny this paragraph.

22. Plaintiff can neither affirm nor deny this paragraph.

23. Plaintiff can neither affirm nor deny this paragraph.

24. Plaintiff can neither affirm nor deny this paragraph.

25. Plaintiff can neither affirm nor deny this paragraph.

26. Plaintiff can neither affirm nor deny this paragraph.

27. Plaintiff can neither affirm nor deny this paragraph.

28. Plaintiff can neither affirm nor deny this paragraph.

29. Plaintiff can neither affirm nor deny this paragraph.

30. Plaintiff can neither affirm nor deny this paragraph.

31. Plaintiff can neither affirm nor deny this paragraph.

## AFFIRMATIVE DEFENSES

1. The divorce between the decedent and his wife was finalized;

2. The divorce between the decedent and his wife was for all intents and purposes complete, and equity dictates that it be considered a non factor;

3. If the wife was still married to the decedent, this does not necessarily void the change of beneficiary;

4. The true intent of the decedent was to make Chantal Phanor's a 25% beneficiary and then a 100% beneficiary;

Wherefore, the defendant, Chantal Phanor, hereby demands that this Court adjudicate that she be entitled to the entire life insurance policy or in the alternative, 25%.

### DEFENDANT, CHANTAL PHANOR DEMANDS A TRIAL BY JURY

Defendant,
Chantal Phanor,
By her attorney,

_____
Steven C. Goldwyn, Esq.
Altman & Altman, LLP
675 Massachusetts Avenue
Cambridge, MA 02139
BBO# 561438
(617) 492-3000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNICARE LIFE & HEALTH INSURANCE
COMPANY

V.

CHANTAL PHANOR, RUTH PAMPHILE,         Civil Action No: 05-11355JLT
BEVERLY PAMPHILE, SONIA PAMPHILE,
WILDENE CESAR, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHILE,
AND CARTWRIGHT FUNERAL HOME,

## CERTIFICATE OF SERVICE

I, Steven C. Goldwyn, do hereby certify that on this 19th day of September, 2005, I served a true copy of the within notice of appearance and answer of Chantal Phanor on all defendants and the plaintiff, by mailing same by first class mail, postage pre-paid on either their attorney of record or if pro se, on them personally.

                      Defendant,
                      Chantal Phanor,
                      By her attorney,

                      Steven C. Goldwyn, Esq.
                      Altman & Altman, LLP
                      675 Massachusetts Avenue
                      Cambridge, MA 02139
                      BBO# 561438
                      (617) 492-3000