UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Unicare Life & Health Insurance Company,  )<br>                Plainiff – Stakeholder,  )<br>                                     )<br>v.                                              )<br>                                           )<br>Chantal Phanor, Ruth Pamphile, Beverly  )<br>Pamphile, Sonia Pamphile, Widlene Cesar,  )<br>Judy Pamphile, Jeffrey Pamphile, Brunel  )<br>Pamphile and Cartwright Funeral Home  ) | Civil Action No. 05-11355 JLT |

**DEFENDANT CARTWRIGHT FUNERAL HOME'S
ANSWER TO COMPLAINT**

NOW COMES, Defendant, Cartwright Funeral Homes. Inc., and answers the Plaintiff Complaint as follows:

1. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1.

2. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 2.

3. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 3.

4. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 4.

5. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5.

6. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6.

7. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 7.

8. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 8.

9. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 9.

10. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10.

11. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 11.

12. The Defendant denies the allegations contained in paragraph 12.

13. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13.

14. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14.

15. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 15.

16. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 16.

17. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 17.

18. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18.

19. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 19.

20. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 20.

21. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 21.

22. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 22.

23. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 23.

24. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24.

25. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 25.

26. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 26.

27. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 27.

28. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 28.

    Defendant, Cartwright Funeral Homes, Inc., further answers by stating that they a an innocent party. Cartwright Funeral Homes, Inc. entered into a payment agreen with Defendant, Chantal Phanor for payment of burial services. Said services wer be paid from the life insurance policy at issue. Cartwright Funeral Homes, Inc. ha no knowledge of any details of the life insurance policy other than that it could co the costs of the burial and that Chantal Phanor was the beneficiary of said insuran policy. Ruth Pamphile and Chantal Phanor, as well as the decedents other family members, did or could have taken part in the funeral services provided for the decedent. Said services gave the decedent a proper wake service and ceremony ar allowed for friends and family members to mourn the loss.

    Cartwright Funeral Homes, Inc. should be paid for the funeral services provided f the decedent based on the legal theories of contract law, quantum meruit and/or equity law. Whomever shall prevail in receiving the life insurance proceeds shoul be required to pay for the funeral services because the decedent needed to be burie and Cartwright Funeral Homes, Inc. should not suffer damages as a result of the dispute over the life insurance proceeds.

29. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 29.

30. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 30.

31. The Defendant is without sufficient information to admit or deny the allegations contained in paragraph 31.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff brought suit against Defendant, Cartwright Funeral Home, and such business do not exist. However if such business does exist, its principal place of business is not located a 419 North Main Street, Randolph, Massachusetts.

### SECOND AFFIRMATIVE DEFENSE

Defendant, Cartwright Funeral Homes, Inc., is in innocent party. Cartwright Funeral Homes, Inc. entered into a payment agreement with Defendant, Chantal Phanor for payment of burial services. Said services were to be paid from the life insurance policy at issue. Cartwright Funeral Homes, Inc. had no knowledge of any details of the life insurance policy other than t it could cover the costs of the burial and that Chantal Phanor was the beneficiary. Cartwright Funeral Homes, Inc. provided services not only for Chantal Phanor, but also for Ruth Pamph and her family in providing funeral ceremonies and transporting the decedent. Said services should be reimbursed.

### THIRD AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

### FORTH AFFIRMATIVE DEFENSE

The Plaintiff by its negligent acts and conduct, is estopped from obtaining the relief requested in its complaint. Whereby, Plaintiff should have sought proper information to determine whether decent had to right to transfer the beneficiary of his insurance policy and whether he had the capacity to do so.

FIFTH AFFIRMATIVE DEFENSE

Cartwright Funeral Homes, Inc. states that if the Plaintiff suffered damages or may suffer damages, which the Defendant denies, the alleged damages are the sole, direct and proximate re of the Plaintiff's own acts, omissions and negligence and therefore the Plaintiff may not be allov to seek declaratory relief.

WHEREFORE, Cartwright Funeral Homes, Inc., respectfully requests that the Court: Require one or more parties to reimburse Defendant, Cartwright Funeral Homes, Inc. for thei burial expenses, costs and attorneys fees and/or deny the Plaintiff's claims in their entirety, w prejudice and award the Defendant its costs and attorney's fees; and grant it such other and further relief as the Court deems just and proper.

Respectfully Submitted
Cartwright Funeral Homes, Inc.
By its attorneys
Shaw and Corcoran, P.C.

Dated: August 1, 2005

Jennifer M. Clark
17 Storrs Avenue
Braintree, MA 02184
Ph. 781-848-8744
BBO# 659064

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2005, I served a true and correct copy of the Answer to Complaint on Plaintiff's attorneys, David B. Crevier, Esq. and Katherine R. Parsor Esq. at Crevier & Ryan, LLP, 1500 Main Street, Suite 2020, Springfield, MA 01115.

Signed under the pains and penalties of perjury.

Dated: August 1, 2005

Jennifer M. Clark