UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11355 JLT

UNICARE LIFE-HEALTH INSURANCE COMPANY
PLAINTIFF, STAKEHOLDER

V.

CHANTAL PHANOR, RUTH PAMPHILE,
BEVERLY PAMPHILE, SONIA PAMPHILE
WILDELENE PAMPHILE, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHILE, AND
CARTWRIGHT FUNERAL HOME
DEFENDANTS

~~MEMO IN SUPPORT OF~~
MOTION OF DEFENDANTS RUTH PAMPHILE, BEVERLY PAMPHILE, JUDY
PAMPHILE, JEFFREY PAMPHILE, AND BRUNEL PAMPHILE FOR REFERRAL OF
MATTER TO STATE COURT( FAMILY SERVICE OFFICE) FOR GAL-TYPE
INVESTIGATION IN LIEU OF GAL APPOINTMENT

This matter concerns the distribution of proceeds from a certain life insurance policy held by the Plaintiff, Stakeholder, Unicare Life-Health Insurance Company. The Defendants who bring this motion are the decedent's widow and children. At issue is whether in this matter, his widow, Defendant Ruth Pamphile, adequately represents the best interests and legal interests of the children who remain minors (Jeffrey Pamphile and Brunel Pamphile); or whether there is need of separate representation. In that regard, this Court is considering whether to appoint a *Guardian ad Litem*, so Movants move for referral to the State Court Family Service Office for investigation and report, in lieu of GAL appointment.

At the time of the decedent's death, he and his widow were engaged before the Suffolk Probate and Family Court (Gould, J.) in divorce proceedings under, and *M.G.L. c. 208*. The decedent was subject to an order restraining him from changing the beneficiaries of any life

insurance policies under a standing order of that court, *Standing Order Supplemental Probate Court Rule 411* ("Automatic Restraining Order") which expressly prohibited both husband and wife from "Directly or indirectly changing the beneficiary of any life insurance policy, pension, or retirement plan, or pension or retirement investment account, except with the written consent of the other party of by Order of the Court." *See Ex. F to* Complaint.

Movants say that in the course of state court divorce proceedings, issues expressly arose under *MGL c. 208*, including in regard to the support, maintenance, education, health, custody, visitation of the minor children, marital assets, and insurance benefits. The Family Service Office of the Suffolk Probate Court previously conducted an investigation relative to the needs, interests, and protection of the decedent's minor children, all in regard to divorce proceedings between the decedent and Defendant Widow. It did so pursuant to the legal interests and needs of those minors as they existed under *MGL c. 208*. Since that agency previously conducted an investigation (Julie Charles, FSO), the Suffolk Probate and Family Court Family Service Office is the most likely resource to be able to provide an economical and expeditious investigation, and one that will not waste the proceeds in expensive case costs. Therefore, Movants suggest that it is uniquely equipped to determine the issue at hand, and move for this court to refer the matter to the state court, with a request for such an investigation by its Family Service Office, all in lieu of the appointment of a *Guardian ad Litem*. Further, that agency has unique experience and expertise in the underlying issue: whether a parent litigant can or will protect the best interests and legal interests of a minor child.

Movants again say that the insurance proceeds are limited, and are the only significant resource available for the support, maintenance, health, and education of the decedent's children,

and they urge the need to preserve it from avoidable case costs.

                                             Movants by Counsel,

                                             Alanna G. Cline
                                             Attorney at Law
                                             300 Market St.
                                             Brighton, MA 02135
                                             617 783 5997
                                             BBO 086860

January 19, 2006

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action 05-11355 JLT

UNICARE LIFE & HEALTH INSURANCE CO.
    Plaintiff-Stakeholder

v.

CHANTAL PHANOR, RUTH PAMPHILE,
BEVERLY PAMPHILE, SONIA PAMPHILE,
WIDLENE CESAR, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHLE
AND CARTWRIHT FUNERAL HOME
    Defendants

CERTIFICATE OF SERVICE AS TO MOTION OF DEFENDANTS RUTH PAMPHILE, BEVERLY PAMPHILE, JUDY PAMPHILE, JEFFREY PAMPHILE, AND BRUNEL PAMPHILE FOR REFERRAL OF MATTER TO STATE COURT( FAMILY SERVICE OFFICE) FOR GAL-TYPE INVESTIGATION IN LIEU OF GAL APPOINTMENT

    I, Alanna G. Cline, do certify that I have served copies of the foregoing motion of the identified defendants and its supporting memo, by mailing copies of same first class mail postage prepaid directed as follows this January 19, 2006

1. Unicare Life & Health Insurance Company directed to Attys. David B. Crevier and Ikatherine R. Parsons, Crevier & Ryan, LLP, 1500 Main St., Suite 2020, Springfield, MA 01115 (with courtesy copy send by fax to 413 781 8235).

2. Cartwright Funeral Homes, 419 North Main Street, Randolph, MA 02368.

3. Chantal Phanor, directed to Steven C. Goldwyn, Altman & Altman, LLP, Central Plaza, 675 Massachusetts Avenue, Cambridge, MA 02139.

4. Widlene Cesar, 1860 NE 16th Ave. Apt. 101, Miami, FLA 33161

5. Sonia Pamphile c/o Widlene Cesar, 1860 NE 16th Ave. Apt. 101, Miami, FLA 33161 (that being the only address provided on the pleadings served which might reach Sonia Pamphile in Miami, Florida).

ALANNA G CLINE