UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11355 JLT

UNICARE LIFE-HEALTH INSURANCE COMPANY
PLAINTIFF, STAKEHOLDER

V.

CHANTAL PHANOR, RUTH PAMPHILE,
BEVERLY PAMPHILE, SONIA PAMPHILE
WILDELENE PAMPHILE, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHILE, AND
CARTWRIGHT FUNERAL HOME
DEFENDANTS

MEMO IN SUPPORT OF
MOTION OF DEFENDANTS RUTH PAMPHILE, BEVERLY PAMPHILE, JUDY
PAMPHILE, JEFFREY PAMPHILE, AND BRUNEL PAMPHILE FOR REFERRAL OF
MATTER TO STATE COURT( FAMILY SERVICE OFFICE) FOR GAL-TYPE
INVESTIGATION IN LIEU OF GAL APPOINTMENT

*1. Overview*

This matter concerns the distribution of proceeds from a certain life insurance policy held by the Plaintiff, Stakeholder, Unicare Life-Health Insurance Company. The Defendants who bring this motion are the decedent's widow and children.

*2. Issue and Context*

At issue is whether in this matter, his widow, Defendant Ruth Pamphile, adequately represents the best interests and legal interests of the children who remain minors (Jeffrey Pamphile and Brunel Pamphile); or whether there is need of separate representation. In that regard, this Court is considering whether to appoint a *Guardian ad Litem*.

*3. Applicable Legal Facts*

At the time of the decedent's death, he and his widow were engaged before the Suffolk Probate and Family Court (Gould, J.) in divorce proceedings under, and *M.G.L. c. 208*. The decedent was subject to an order restraining him from changing the beneficiaries of any life insurance policies under a standing order of that court, *Standing Order Supplemental Probate Court Rule 411* ("Automatic Restraining Order") which expressly prohibited both husband and wife from "Directly or indirectly changing the beneficiary of any life insurance policy, pension, or retirement plan, or pension or retirement investment account, except with the written consent of the other party of by Order of the Court." *See Ex. F to* Complaint.

As set out in the answers of the Defendant Widow and Children, at no time did Defendant Ruth Pamphile consent to any change of the beneficiary of any life insurance policy, pension, or retirement plan, or any pension or retirement investment account. Further, at no time did Decedent request or receive any written order of the Suffolk County Probate and Family Court allowing the change of beneficiary on any life insurance policy, pension, or retirement plan, or pension or retirement investment account.

4. *Presenting Legal Issue*

The presenting legal issue before this court is whether the Defendant Widow and her attorney are likely to, and can, represent and protect the related legal interests of the decedent's minor children. Defendant Widow was represented in the state court matter by the undersigned, as well. Similar issues were inherent in the divorce proceedings in the state. Part and parcel of the state court divorce proceedings concerned the best interests of the minor children as they expressly arose under *MGL c. 208*, including in regard to the support, maintenance, education, health, custody, visitation of the minor children, marital assets, and insurance benefits.

Therefore, the state court, through its Family Service Office, is uniquely equipped to determine the issue at hand, by referral to its Family Service Office. That agency previously conducted an investigation (Julie Charles, FSO). Therefore, the Suffolk Probate and Family Court Family Service Office, is the most likely resource to be able to provide an economical and expeditious investigation, and one that will not waste the proceeds in expensive case costs.

  Movants again say that the insurance proceeds are limited, and are the only significant resource available for the support, maintenance, health, and education of the decedent's children, and they urge the need to preserve it from avoidable case costs.

Movants by Counsel,

Alanna G. Cline<br>
Attorney at Law<br>
300 Market St.<br>
Brighton, MA 02135<br>
617 783 5997<br>
BBO 086860

January 19, 2006

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Civil Action 05-11355 JLT

UNICARE LIFE & HEALTH INSURANCE CO.
    Plaintiff-Stakeholder

v.

CHANTAL PHANOR, RUTH PAMPHILE,
BEVERLY PAMPHILE, SONIA PAMPHILE,
WIDLENE CESAR, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHLE
AND CARTWRIHT FUNERAL HOME
    Defendants

CERTIFICATE OF SERVICE AS TO MOTION OF DEFENDANTS RUTH PAMPHILE, BEVERLY PAMPHILE, JUDY PAMPHILE, JEFFREY PAMPHILE, AND BRUNEL PAMPHILE FOR REMAND TO STATE COURT(SUFFOLK PROBATE AND FAMILY COURT

    I, Alanna G. Cline, do certify that I have served copies of the foregoing motion of the identified defendants and its supporting memo, by mailing copies of same first class mail postage prepaid directed as follows this January 19, 2006

1. Unicare Life & Health Insurance Company directed to Attys. David B. Crevier and Ikatherine R. Parsons, Crevier & Ryan, LLP, 1500 Main St., Suite 2020, Springfield, MA 01115 (with courtesy copy send by fax to 413 781 8235).

2. Cartwright Funeral Homes, 419 North Main Street, Randolph, MA 02368.

3. Chantal Phanor, directed to Steven C. Goldwyn, Altman & Altman, LLP, Central Plaza, 675 Massachusetts Avenue, Cambridge, MA 02139.

4. Widlene Cesar, 1860 NE 16th Ave. Apt. 101, Miami, FLA 33161

5. Sonia Pamphile c/o Widlene Cesar, 1860 NE 16th Ave. Apt. 101, Miami, FLA 33161 (that being the only address provided on the pleadings served which might reach Sonia Pamphile in Miami, Florida).

*ALANNA G CLINE*