UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11355 JLT



UNICARE LIFE-HEALTH INSURANCE COMPANY
PLAINTIFF, STAKEHOLDER

V.

CHANTAL PHANOR, RUTH PAMPHILE,
BEVERLY PAMPHILE, SONIA PAMPHILE
WILDELENE PAMPHILE, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHILE, AND
CARTWRIGHT FUNERAL HOME
DEFENDANTS

MOTION OF DEFENDANTS RUTH PAMPHILE, BEVERLY PAMPHILE, JUDY
PAMPHILE, JEFFREY PAMPHILE, AND BRUNEL PAMPHILE FOR REMAND TO STATE
COURT(SUFFOLK PROBATE AND FAMILY COURT

The Movants move for the remand of this matter to the Trial Court of the Commonwealth of Massachusetts, Probate and Family Court Division ( Suffolk Probate and Family Court, so moving for the following reasons:

1. This matter concerns the distribution of proceeds from a certain life insurance policy held by the Plaintiff, Stakeholder, Unicare Life-Health Insurance Company.

2. The Defendants who bring this motion are the decedent's widow and children. The decedent died during the course of divorce proceedings in the state court, before trial. As a result, the divorce between decedent and his widow was dismissed by the state court. To that point, all proceedings had been assigned to one justice (Gould, J.)

3. At issue is whether during the course of state court divorce proceedings, the decedent

Page 1 of 3

could change beneficiaries of the subject life insurance policy. Relative to that, the state court had entered an order restraining any such change. That was a standing order of the court applicable to all divorce proceedings, *Standing Order Supplemental Probate Court Rule 411* ("Automatic Restraining Order"). That order expressly prohibited both husband and wife from "Directly or indirectly changing the beneficiary of any life insurance policy, pension, or retirement plan, or pension or retirement investment account, except with the written consent of the other party of by Order of the Court." *See Ex. F to* Complaint.

   Movants say that the sole and singular issue at hand is that notwithstanding that standing order, during the course of the state court divorce proceedings, and contrary to the standing order, the decedent made several changes to the beneficiaries of the subject life insurance policy. In so doing, he acted in direct contravention of the standing order. Further, in so doing, he acted in derogation of the legal interests of Defendant Widow and Defendant Children. Therefore, the primary issue is whether he had the legal authority to make such changes; and whether the state court order will be enforced. As argued in their accompanying memo, Movants says that such subject matter is reserved to the jurisdiction of the state court. *Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).*

   For these reasons, and as set out in the accompanying memo, the Movants ask that this matter be remanded to the state court. Insofar as the state's Probate and Family Court is a specialty court, it is uniquely expert in such matters. Further, it has expertise in an underlying issue directly affecting the Defendants Widow and Children, including minor children: whether a parent litigant can or will protect the best interests and legal interests of a minor child.

   Movants again say that the insurance proceeds are limited, and are the only significant

resource available for the support, maintenance, health, and education of the decedent's children, and they urge the need to preserve it from avoidable case costs. Remand to the state court will be likely to reduce any consumption of the life insurance proceeds by litigation costs, due to the specialty nature of the Suffolk Probate and Family Court.

Movants by Counsel,

*Alanna G. Cline*

Alanna G. Cline
Attorney at Law
300 Market St.
Brighton, MA 02135
617 783 5997
BBO 086860

January 19, 2006