UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05 11355 JLT

UNICARE LIFE-HEALTH INSURANCE COMPANY
PLAINTIFF, STAKEHOLDER

V.

CHANTAL PHANOR, RUTH PAMPHILE,
BEVERLY PAMPHILE, SONIA PAMPHILE
WILDELENE PAMPHILE, JUDY PAMPHILE,
JEFFREY PAMPHILE, BRUNEL PAMPHILE, AND
CARTWRIGHT FUNERAL HOME
DEFENDANTS

MEMO IN SUPPORT OF
MOTION OF DEFENDANTS RUTH PAMPHILE, BEVERLY PAMPHILE, JUDY
PAMPHILE, JEFFREY PAMPHILE, AND BRUNEL PAMPHILE FOR REMAND TO STATE
COURT(SUFFOLK PROBATE AND FAMILY COURT

The Movants have moved for the remand of this matter to the Trial Court of the Commonwealth of Massachusetts, Probate and Family Court Division ( Suffolk Probate and Family Court, and argue as follows.

*1. Issue*

At issue is whether during the course of state court divorce proceedings, the decedent could change beneficiaries of the subject life insurance policy, and whether the Plaintiff Stakeholder may distribute life insurance proceeds to any life insurance policy beneficiaries other than those who were beneficiaries at the time the state court restrained the decedent from changing beneficiaries. The state court restrained any such change during the course of divorce proceedings between the decedent and the Defendant Widow, pursuant to *MGL* c. 208. It did so

under its own standing order, applicable to all divorces. Notwithstanding that order, the decedent attempted to change the beneficiaries.

2. *Legal Facts*

The Defendants who bring this motion are the decedent's widow and children. The decedent died during the course of divorce proceedings in the state court, before trial. As a result, the divorce between decedent and his widow was dismissed by the state court. To that point, all proceedings had been assigned to one justice (Gould, J.)

Relative to the divorce proceedings, the state court had entered an order restraining any such change. That was a standing order of the court applicable to all divorce proceedings, *Standing Order Supplemental Probate Court Rule 411* ("Automatic Restraining Order"). That order expressly prohibited both husband and wife from "Directly or indirectly changing the beneficiary of any life insurance policy, pension, or retirement plan, or pension or retirement investment account, except with the written consent of the other party of by Order of the Court." *See Ex. F to* Complaint.

3. *Applicable Law and Argument*

The threshold and driving issue arises under what is a state court matter: marriage and divorce, and the control and application of marital assets, for the benefit of the opposite spouse and children. It is axiomatic, and "black-letter law," that those matters are directly reserved to the states, and are directly controlled by state law. Only the state has subject matter jurisdiction. . *Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)* . Therefore, in this instance, the issues are controlled in the first instance by *MGL c. 208,* and related state court rules.

Movants say that the sole and singular issue at hand is that notwithstanding that standing order, during the course of the state court divorce proceedings, and contrary to the standing order, the decedent made several changes to the beneficiaries of the subject life insurance policy. In so doing, he acted in direct contravention of the standing order. Further, in so doing, he acted in derogation of the legal interests of Defendant Widow and Defendant Children. Therefore, the primary issue is arises directly from subject matter, over which jurisdiction is reserved to the state. The issue is whether the decedent had the legal authority to make such changes; and whether the state court order will be enforced.

Movants say that the life insurance policy was a marital asset under *MGL c. 208 s. 34*. As such, it was subject to the state court's exercise of subject matter jurisdiction over the subject marriage. (It is axiomatic that jurisdiction over marriage and divorce remains reserved to the state). Further, the standing order was a mechanism by which the state court protects the interests of spouses, custodial parents, and children in regard to maintenance, child support, and alimony in the event of the death of the insured spouse and parent. Therefore, the primary issue concerns state law, construction of state law, enforcement of state law, application and enforcement of state court orders, the state court's own interests in the administration and application of its own orders (particularly standing orders), all related to a matter where jurisdiction is reserved to the state: marriage and divorce.

Given that matters of marriage and divorce are reserved to the state, the enforcement of the state court's related orders should be, and must be, similarly reserved to the state court.

For these reasons, the Movants ask that this matter be remanded to the state court. Insofar as the state's Probate and Family Court is a specialty court, it is uniquely expert in such

matters. Further, it has expertise in an underlying issue directly affecting the Defendants Widow and Children, including minor children: whether a parent litigant can or will protect the best interests and legal interests of a minor child.

Movants again say that the insurance proceeds are limited, and are the only significant resource available for the support, maintenance, health, and education of the decedent's children, and they urge the need to preserve it from avoidable case costs. Remand to the state court will be likely to reduce any consumption of the life insurance proceeds by litigation costs, due to the specialty nature of the Suffolk Probate and Family Court. Therefore, independent of ultimate outcome, this will serve the interests of all parties.

Movants by Counsel,

Alanna G. Cline<br>
Attorney at Law<br>
300 Market St.<br>
Brighton, MA 02135<br>
617 783 5997<br>
BBO 086860

January 19, 2006